IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LARRY DONNELL VASSER, )
)
    **Plaintiff,** )
)
v. ) CIVIL ACTION 11-0234-WS-B
)
DALLAS-SELMA CA &CDC, INC., etc., )
et al., )
)
    **Defendants.** )

**ORDER**

This matter is before the Court on the Rule 12(b)(6) motion to dismiss filed by Defendant Dallas-Selma CA & CDC, Inc. ("Dallas-Selma"). (Doc. 22). The pro se plaintiff has filed a response and Dallas-Selma a reply, (Docs. 26, 30),[1] and the motion is ripe for resolution.

According to the amended complaint and the plaintiff's attached declaration, the plaintiff was employed by Dallas-Selma for 28 years. He was laid off on May 15, 2009 as a temporary cost-saving measure, with the understanding he would be returned to work in June 2009. He was not returned to work in June, and defendant Mary Twitty, among others, maneuvered to have Dallas-Selma terminate him. On June 9 and June 23, 2009, Twitty pushed Dallas-Selma to vote for terminating the plaintiff. Both votes failed, and Twitty continued her quest to terminate the plaintiff.

"A motion to dismiss [under Rule 12(b)(6)] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391

---

[1] The plaintiff's sur-reply, (Doc. 31), filed without permission and after the motion to dismiss was taken under submission, (Doc. 25), is **stricken**.

[1]

F.3d 1323, 1325 (11th Cir. 2004) (emphasis added) (internal quotes omitted); *accord Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998) ("In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief.") (emphasis added) (internal quotes omitted). Dallas-Selma, then bears the burden of establishing its entitlement to dismissal.

The amended complaint asserts that it is for sexual discrimination under Title VII. (Doc. 7 at 1). In a one-page argument, Dallas-Selma asserts that the claim must be dismissed for failure to file a timely EEOC charge.

"A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ...." 42 U.S.C. § 2000e-5(e)(1). "A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. ... [I]t is merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). Failure to file a timely charge entitles the defendant to summary judgment. *E.g., Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1394 (11th Cir. 1998); *accord Wilson v. Bailey*, 934 F.2d 301, 304 n.1 (11th Cir. 1991) ("Failure to file a timely complaint with the EEOC mandates the dismissal of the Title VII suit.").

Dallas-Selma attaches a copy of a charge signed by the plaintiff and dated February 10, 2010. (Doc. 23, Exhibit A). Dallas-Selma identifies the dates of discrimination as May 15 and June 23, 2009 and concludes that the February 2010 charge comes too late. The argument fails at several points. (Doc. 23 at 2).

First, Dallas-Selma has not attempted to show that this is one of those infrequent occasions on which a defendant may rely on documents not attached to the complaint without converting the motion into one for summary judgment.

Second, the plaintiff responds that the February 2010 charge was an amended or superseding charge and that his initial charge was filed on or about June 23, 2009, (Doc.

26 at 4), and Dallas-Selma has not demonstrated that this is factually inaccurate or procedurally inadequate. Dallas-Selma points out that the document the plaintiff submitted to the EEOC in June 2009 (and, as an amended version, in November 2009), is an intake questionnaire, but that is not dispositive as to whether it constitutes a charge.

Dallas-Selma identifies two reasons the intake questionnaire cannot be construed as a charge. First, it notes that the questionnaire is not verified. (Doc. 30 at 3). True enough, but "a charge may be amended to cure technical defects or omissions, including failure to verify the charge," and "[s]uch amendments … will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b). The February 2010 charge was verified, (Doc. 23, Exhibit A), and Dallas-Selma does not explain how this scenario fails to satisfy the verification requirement. *See Cole v. Mountain View Marketing, Inc.*, 744 F. Supp. 2d 1240, 1245 (S.D. Ala. 2010) (verified charge related back to unverified intake questionnaire).

Dallas-Selma also argues the intake questionnaire cannot be construed as a charge because the form language does not indicate that it would be considered as a charge. (Doc. 30 at 3). It says this is so because the form states that its purpose is "to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate." (Doc. 26, Exhibit 3 at 5). Yes, but the form continues in the very next sentence that, "[c]onsistent with 29 CFR 1601.12(b) …, this questionnaire may serve as a charge if it meets the elements of a charge." (*Id*.). Dallas-Selma does not address this language or explain how it fails to indicate the questionnaire would be considered as a charge.

Other language in the form, likewise ignored by Dallas-Selma, also indicates the form would be considered as a charge. The form contains two alternative boxes, and employees are instructed to check one box or the other. The second box states that "I want to talk to an EEOC employee before deciding whether to file a charge of discrimination. I understand that *by checking this box, I have not filed a charge with the EEOC*. I also understand that I could lose my rights if I do not file a charge in time."

[3]

(Doc. 26, Exhibit 3 at 4 (emphasis added)).  A reasonable implication from the emphasized language is that, by checking the first box (which the plaintiff did), the employee *is* filing a charge with the EEOC.

The language of the first box furthers this implication.  It states that "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above."  (Doc. 26, Exhibit 3 at 4). The box further explains that the EEOC must give the employer "information about the charge" and that the EEOC "can only accept charges of discrimination" based on statutorily protected categories.  (*Id*.).

Moreover, the form elsewhere states that the EEOC may disclose information from the form "to congressional offices in response to inquiries from parties to the charge" and "to disciplinary committees investigating complaints against attorneys representing the parties to the charge."  (Doc. 26, Exhibit 3 at 5).  Finally, the form encourages employees to provide information requested by the form because "the failure to do so may hamper the Commission's investigation of a charge of discrimination."  (*Id*.).

Even had Dallas-Selma established that the intake questionnaire does not serve as a charge, it has not shown that the relevant date or dates of the plaintiff's claim fall more than 180 days before the February 2010 charge.  Dallas-Selma identifies the plaintiff's claims as being for discriminatory termination on May 15, 2009 and discriminatory failure-to-rehire on June 23, 2009, but this is not consistent with the amended complaint. The amended complaint alleges a temporary layoff on May 15, 2009, not a termination. The amended complaint further alleges that the plaintiff remained employed as of June 23, 2009, since Twitty's efforts to have him terminated had failed, so there could be no failure-to-rehire on that date.  Dallas-Selma has not established when the plaintiff was terminated and thus has not demonstrated that a Title VII claim based on termination or failure to rehire would be time-barred even if the February 2010 charge is the operative document.

The amended complaint also includes a count of negligence against all defendants. (Doc. 7 at 8-10). Dallas-Selma, in a three-sentence argument, asserts that the negligence claim is "merely a restatement of the allegations which [the plaintiff] contends will support his Title VII claim and thus is subsumed by his Federal claim" and barred by the plaintiff's asserted failure to file a timely charge. (Doc. 23 at 3). It is far from clear that the plaintiff in fact relies on the same allegations for both his Title VII and negligence claims. In any event, Dallas-Selma has offered no legal or analytical support for the proposition that Title VII preempts a state-law negligence claim – unsurprising, given Title VII's express anti-preemption provision. 42 U.S.C. § 2000e-7; *see Bradshaw v. School Board of Broward County*, 486 F.3d 1205, 1210 (11th Cir. 2007) ("[S]ection 2000e-7 is an anti-preemption provision that allows states latitude in the design of their own antidiscrimination law.").

Finally, the amended complaint includes a count for "punitive damages against all defendants." (Doc. 7 at 10). Dallas-Selma points out that there is no separate cause of action for punitive damages, (Doc. 23 at 3), but there is a cause of action for wantonness, which appears to be the thrust of this count.[2]

The Court has and expresses no opinion whether, with more adequate briefing, Dallas-Selma could obtain dismissal of all or part of the amended complaint on the grounds it has asserted. The Court rules only that the superficial briefing offered the Court is inadequate to carry Dallas-Selma's burden of showing that the complaint fails to state a claim upon which relief can be granted. For the reasons set forth above, Dallas-Selma's motion to dismiss is **denied**.

DONE and ORDERED this 3rd day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This count describes the defendants' conduct as "egregious." (Doc. 7 at 10).