```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF ALABAMA
                         NORTHERN DIVISION
```

LARRY DONNELL VASSER,              )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   CIVIL ACTION 11-0234-WS-B
                                   )
DALLAS-SELMA CA &CDC, INC., etc.,  )
et al.,                            )
                                   )
    Defendants.                    )


                                ORDER

This matter is before the Court on the motion of the United States and Marsha Lawrence to dismiss. (Doc. 19). The plaintiff has filed a response, (Doc. 27), and the movants declined to file a reply, (Doc. 21), and the motion is ripe for resolution.

The movants assert three grounds in support of dismissal: (1) failure to perfect service on the United States; (2) sovereign immunity; and (3) failure to state a claim.

**A. Service of Process.**

Among the named defendants is "Marsha Lawrence, ACF." (Doc. 7 at 1). The amended complaint elsewhere describes her as "Marsha W. Lawrence, Head Start Branch Manager, Region IV, Atlanta, Ga." (*Id*. at 2). "ACF" stands for Administration for Children and Families, which is the agency of the Department of Health and Human Services that administers the Head Start program. (Doc. 20 at 1).

The complaint does not specify whether Lawrence is sued in her individual capacity, in her official capacity, or both. Citing to a subparagraph of the amended complaint that does not mention Lawrence and to a Supreme Court opinion it does not quote or explain, the United States concludes that the plaintiff is actually suing the United

States, not Lawrence individually. (Doc. 20 at 1-2). The movants' argument is too obscure and undeveloped to allow its consideration by the Court.

Whoever the intended defendant, however, the plaintiff must serve the United States. Fed. R. Civ. P. 4(i)(1)-(3). In order to do so, the plaintiff must deliver a copy of the summons and complaint to the United States Attorney or his designate, or send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's office. *Id*. Rule 4(i)(1)(A). In addition, the plaintiff must send a copy of the summons and complaint by registered or certified mail to the Attorney General. *Id*. Rule 4(i)(1)(B). The movants assert that this has not occurred. The file reflects no such service, and the plaintiff does not assert that he has complied with Rule 4(i).

The movants argue that the failure to complete service pursuant to Rule 4(i) deprives the Court of personal jurisdiction over the United States. (Doc. 20 at 2). The case to which they cite does not support this proposition, but it does implicate Rule 4(m).

The amended complaint was filed May 6, 2011. The plaintiff's failure to perfect service within 120 days after filing the complaint (by September 6) exposes it to dismissal without prejudice as to the unserved defendant. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling

of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182.

### B. Failure to State a Claim.

"A motion to dismiss [under Rule 12(b)(6)] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (emphasis added) (internal quotes omitted); *accord Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998) ("In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief.") (emphasis added) (internal quotes omitted). The movants, then bear the burden of establishing entitlement to dismissal.

The plaintiff asserts a claim under Title VII, which prohibits certain discriminatory employment practices by an "employer." 42 U.S.C. § 2000e-2(a). "[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis omitted).

The complaint specifically alleges that the plaintiff was at all relevant times employed by defendant Dallas-Selma Community Action and Community Development Corporation. (Doc. 7 at 3). The complaint therefore excludes both Lawrence and the United States as the plaintiff's employer. Accordingly, the movants are entitled to dismissal of the plaintiff's Title VII claim.

### C. Sovereign Immunity.

The United States asserts that it possesses sovereign immunity from any suit under Title VII. (Doc. 20 at 2-3). As noted in Part A, the United States has not established that

it is a defendant to begin with.  And as noted in Part B, the Title VII claim is subject to dismissal on other grounds.  Accordingly, it is unnecessary to consider a sovereign immunity argument.

### D.  Conclusion.

For the reasons set forth above, the movants' motion to dismiss is **granted in part**.  The plaintiff's Title VII claim is **dismissed with prejudice** as to the movants.

The movants assume that the amended complaint asserts only a Title VII claim.  On the contrary, the amended complaint also asserts claims of negligence and wantonness.  (Doc. 7 at 8-11).  The only argument the movants present that extends beyond the Title VII claim is that of insufficient service of process.  For the reasons set forth in Part A, the movants are not entitled to dismissal on this ground.  Accordingly, the motion to dismiss, to the extent it attacks the plaintiff's negligence and wantonness claims, is **denied**.

However, the plaintiff is **ordered** to show cause, on or before **October 17, 2011**, why his action against Lawrence and/or the United States should not be dismissed without prejudice pursuant to Rule 4(m).  The plaintiff may attempt to show that good cause exists under Rule 4(m), or that the Court should exercise its discretion to extend the time for service despite the absence of good cause, or both.  The movants are **ordered** to file and serve any response to the plaintiff's showing on or before **October 24, 2011**.

DONE and ORDERED this 3rd day of October, 2011.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE