IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **LARRY DONNELL VASSER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0234-WS-B |
| | ) | |
| **DALLAS-SELMA CA &CDC, INC., etc.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

As set forth in previous orders, the plaintiff failed to perfect service on defendants Lawrence (and/or the United States), Twitty and Ingram within the time required by Federal Rule of Civil Procedure 4(m). (Doc. 33 at 2-3; Doc. 34 at 1-2). The Court accordingly ordered the plaintiff to show cause why his action as to these defendants should not be dismissed without prejudice pursuant to Rule 4(m).

As set forth in the Court's previous orders, the Court must provide additional time to perfect service if the plaintiff shows good cause for his failure. As to all three defendants, the plaintiff acknowledges that he knew when he obtained summonses that they had left their employment, yet he nevertheless directed summons not to them at their residences or new places of employment but to their successors at their previous places of employment, trusting the successors to notify the defendants. (Docs. 38, 39). This does not reflect good cause for failure to serve the defendants. Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In

determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132.[1]  There is no indication or allegation that the defendants are evading service or are concealing defects in service.  However, it appears that the statute of limitations has expired as to all of the plaintiff's claims, such that any dismissal under Rule 4(m) would bar the refiling of the lawsuit as to these defendants.  Accordingly, the Court exercises its discretion in favor of extending the time for service.

The plaintiff is **ordered** to perfect service on the unserved defendants, and to file proof of such service, on or before **December 6, 2011** (seven months after the amended complaint was filed), failing which his action as to these defendants will be dismissed without prejudice pursuant to Rule 4(m).

DONE and ORDERED this 20th day of October, 2011.

                                         s/ WILLIAM H. STEELE
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This is "not an exhaustive list" of factors a court may consider, *Lepone-Dempsey*, 476 F.3d at 1182, but the plaintiff identifies no others.