IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DONNELL VASSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0234-WS-B |
| | ) |
| DALLAS-SELMA CA &CDC, INC., etc., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the motion of Dallas-Selma CA & CDC, Inc., ("Dallas-Selma"), the sole remaining defendant, for summary judgment. (Doc. 56).[1] The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 57-59, 63-64), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion for summary judgment is due to be granted.

BACKGROUND

The plaintiff was employed by the defendant for many years, most recently as director of its Head Start program. He was laid off in May 2009 and, without ever

---

[1] The amended complaint styles the defendant as "Dallas-Selma CA & CDC, Inc. Board of Directors." (Doc. 7 at 1). The plaintiff admitted in deposition that he sues only Dallas-Selma, not its board. (Vasser Deposition at 303-04).

[1]

returning to work, was terminated in May 2010.  The plaintiff's single claim is for sex discrimination in violation of Title VII.[2]

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden."  *Id*.  "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial."  *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made."  *Fitzpatrick* , 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine

---

[2] The amended complaint, while stating it is "filed as a Sexual discrimination charge" under Title VII, (Doc. 7 at 1), contains only two counts:  "negligence" and "punitive damages." (*Id*. at 8-10).  The plaintiff in deposition, however, denied that "there [is] any other theory of liability in this case other than sex discrimination."  (Vasser Deposition at 319).  To the uncertain extent the amended complaint may have included claims such as negligence and/or wantonness, the plaintiff's testimony eliminates them from this lawsuit.

issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[3]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited. Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

In Title VII cases not based on direct evidence, the burden is first on the plaintiff to establish a prima facie case. If he succeeds, the employer must meet its burden of articulating one or more legitimate, nondiscriminatory reasons for the adverse employment action. The burden then shifts back to the plaintiff to show that the employer's proffered reasons are a pretext for illegal discrimination. *E.g., Alvarez v. Royal Atlantic Developers, Inc.*, 620 F.3d 1253, 1264 (11th Cir. 2010). The defendant

---

[3] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

argues that the plaintiff cannot establish his prima facie case. For the reasons set forth below, the Court agrees.

The defendant proposes the following formulation of the prima facie case: (1) that the plaintiff is a member of a protected class; (2) that he was qualified for his job; (3) that he was subjected to an adverse employment action; and (4) that he was treated less favorably than a similarly situated employee outside the protected class. (Doc. 57 at 21). As this is a common formulation,[4] and as the plaintiff offers no alternative, the Court employs it.

The defendant concedes the plaintiff's ability to satisfy the first three elements of his prima facie case. (Doc. 57 at 21). The question becomes whether there is a genuine issue of fact that he was treated less favorably than a similarly situated female. The only female the plaintiff identifies is Jessica Chestnut, his immediate predecessor as director of the Head Start program. (Doc. 7 at 1-2; Doc. 63 at 8-10).

Chestnut, like the plaintiff, was terminated. (Doc. 7 at 10; Vasser Deposition at 77). As the defendant notes, (Doc. 57 at 22-24), this fact dooms any claim that the defendant violated Title VII by terminating the plaintiff. The plaintiff admits as much. (Doc. 63 at 8).

But, the plaintiff asserts, Chestnut was treated more favorably than he in the circumstances preceding and surrounding their terminations. In particular, he states, the plaintiff was suspended with pay before her termination; was the subject of an internal investigation; received written notice of her termination; and received notice of her right to appeal her termination. (Doc. 63 at 8-9). The implication is that the plaintiff did not receive pay between his layoff and termination; was investigated by an outside body; did not receive written notice of termination; and did not receive notice of his right to appeal.

As the defendant notes, (Doc. 57 at 19; Doc. 64 at 5), the plaintiff has failed to

---

[4] *E.g., Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006).

[4]

identify any record evidence of these circumstances. While the plaintiff states he has "offer[ed] evidence that [Chestnut] was treated more favorably than he," (Doc. 63 at 10), he has in fact done nothing more than make bald assertions in his brief. Since there is no record evidence that Chestnut was treated more favorably than the plaintiff, no genuine issue of fact remains as to their relative treatment. And without such a genuine issue, the plaintiff cannot establish a prima facie case of sex discrimination.

## CONCLUSION

The plaintiff's inability to establish a prima facie case is fatal to his cause. For the reasons set forth above, the defendant's motion for summary judgment is **granted**. Judgment will be entered accordingly by separate order.

DONE and ORDERED this 26th day of June, 2012.

> s/ WILLIAM H. STEELE
> CHIEF UNITED STATES DISTRICT JUDGE